


**18  441**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA ROBINSON and PHILIP GIBSON, on behalf of themselves and all other similarly situated consumers,<br><br>        Plaintiff,<br><br>vs.<br><br>ENHANCED RECOVERY COMPANY d/b/a ERC,<br><br>        Defendant. | Case No.:<br><br>COMPLAINT -- CLASS ACTION |

Plaintiffs, Joshua Robinson and Philip Gibson (hereinafter "Plaintiffs"), hereby allege:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k(d).

3. Venue is proper in this district under 28 U.S.C §1391(b)

## PARTIES

4. Plaintiffs Joshua Robinson and Philip Gibson are natural persons, who at all relevant times have resided in Coatesville, Pennsylvania and are "consumers" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5. Defendant Enhanced Recovery Company, LLC ("ERC") is a corporation doing business in the State of Pennsylvania, with its corporate address as 8014 Bayberry Road, Jacksonville, Florida 32256 and is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a).

## FACTUAL STATEMENT

6. The FDCPA was enacted to prevent debt collectors from engaging in abusive tactics in order to collect debts from generally unsophisticated consumers.

7. One type of conduct in particular which Congress sought to prevent is the pursuit by debt collectors in collecting extra fees from the consumer.

8. On a date better known by Defendant, Plaintiffs became delinquent on accounts held with Comcast Cable Communications, LLC. These types of debts are "debts" as that term is used and defined under the FDCPA in that they are used for personal, familial, and household purposes.

9. On or around March 15, 2017, Plaintiff Philip Gibson paid ERC $475.34 to settle his account.

10. On or around March 31, 2017, Plaintiff Joshua Robinson paid ERC $340.91 to settle his account.

11. Both Plaintiffs were informed that they had to pay a "processing fee" of $12.95 in order to pay their bills by phone.

12. The definition of a processing fee is that the fee is used to pay for processing. By informing each Plaintiff of the fee, Defendant clearly represented that the fee would be going solely toward the cost.

13. In truth, that is not the case; the "processing fee" is a collection fee in disguise used by Defendant to gain a bit more profit off the collection of the debt.

14. The reason it cannot be a processing fee is because logically a processing fee is not up for negotiation.

15. However, while Plaintiff Gibson paid the $12.95 processing fee, Plaintiff Robinson was able to negotiate the "fee" down to $6.95.

16. Unless Defendant was simultaneously negotiating with the processor, which is an impossibility, it is abundantly clear that the fee was not a processing fee at all.

17. In fact, it was an illegal collection fee.

18. Seeking to collect a collection fee in connection with the collection of a debt where underlying state law does not provide for such a fee, or where the underlying contract does not permit such fees, is a violation of the FDCPA.

19. Pennsylvania law does not expressly authorize a collection fee for payments by phone.

20. Further, upon information and belief, the contract between Plaintiff and the original creditor does not expressly authorize a $12.95 collection fee as Defendant seeks here.

21. Accordingly, Defendant's illegal collection of its collection fee violates the FDCPA.

22. Not only has Defendant violated the FDCPA by charging an illegal collection fee, Defendant has also intentionally misrepresented that fee as a processing fee. Upon information and belief, Defendant misleads consumers on these fees so that there is less push back from the consumer after hearing of an additional collection fee being charged.

## CLASS ACTION ALLEGATIONS

### The Class

23. Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23.

24. Plaintiff seeks certification of the following class, initially defined as follows:

**The Class: All consumers with a Pennsylvania address that paid a processing fee by phone to Defendant for payments for personal, household, or family debts originating with Comcast Cable Communications within one year prior to the filing of this complaint.**

3

25. Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

### Numerosity

26. Upon information and belief, Defendant has sent collections letters in attempt to collect a debt to hundreds if not thousands of consumers throughout the Pennsylvania, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

27. The letters sent by Defendant, and received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

28. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### Common Questions of Law and Fact

29. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether the Plaintiffs and the Class have been injured by the conduct of Defendant; (iii) whether the Plaintiffs and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiffs and the Class are entitled to declaratory and/or injunctive relief.

### Typicality

30. The Plaintiffs' claims are typical of the claims of the class members. Plaintiffs and all members of the Plaintiffs' Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein. Plaintiffs' claims are typical of the claims of the Class, and Plaintiffs have no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

31. Plaintiffs will fairly and adequately represent the Class members' interests, in that the Plaintiffs' counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

32. Neither the Plaintiffs nor their counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### Proceeding Via Class Action is Superior and Advisable

33. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

34. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

35. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

36. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiffs' Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

37. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

38. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

39. Absent a class action, the Class members will continue to suffer losses borne from Defendants breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

40. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq.*

41. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

42. Defendant's false and deceptive representations to Plaintiffs violate the below provisions of the FDCPA.

43. Section 1692e provides:

**§ 1692e. False or misleading representations**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .

(2)   The false representation of--

(A) the character, amount, or legal status of any debt; or

(B)  any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

(10)  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

44.   Section 1692f provides:

**§ 1692f. Unfair Practices**

(1)  The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

WHEREFORE, Plaintiffs respectfully request that this Court do the following:

- A. Certify the class described herein and appoint Plaintiffs as Lead Plaintiffs, and Plaintiffs' Counsel as Lead Counsel;

- B. Enter judgment against Defendant for statutory and actual damages, 15 U.S.C. § 1692k(a)(2)(A) and (B), for each named Plaintiff and each member of the class;

- C. Award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)3;

- D. Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

45. Plaintiff demands a jury trial on all issues so triable.

Dated this 30th of January, 2018.

                                                                            Respectfully Submitted,

                                                                            _____
                                                                            Nicholas Linker, Esq.
                                                                            Zemel Law LLC
                                                                            78 John Miller Way, Suite 430
                                                                            Kearny, NJ 07032
                                                                            Tel: (862) 227-3106
                                                                            Email: nl@zemellawllc.com
                                                                            Attorney for Plaintiffs