## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA ROBINSON, on behalf of themselves and all other similarly situated consumers,<br><br>    Plaintiff,<br><br>  vs.<br><br>ENHANCED RECOVERY COMPANY d/b/a ERC,<br><br>    Defendant. | Case No.: 2:18-cv-441 |

## MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiff, Joshua Robinson ("Robinson") hereby moves for final approval of class settlement in the amount of $138,000, and such other relief as the Court deems proper, for the reasons set forth in the accompanying memorandum of law and declaration and exhibit in support.

Although seeking the same relief, the parties are submitting separate motions because of the inability to agree on language. Defendant's language sought a collateral, belated, and ultimately irrelevant attack on Plaintiff's underlying position and merits in the case. To wit, Defendant states that the facts support a full defense, despite the Court's order denying Defendant's summary judgment motion. Defendant also states that the case was complicated by tangential issues of Mr. Robinson's authorization of the fee and issues related to Mr. Robinson's use of a credit counselor. While the first defense was never raised in this case (see Defendant's summary judgment motion), the Court deemed second issue irrelevant in granting Plaintiff's motion *in limine*. Plaintiff believes that this language is inserted solely to bolster Defendant's position in another case with Plaintiff's counsel that is still being litigated.

As such, the above-mentioned issues did not bear any impact in Plaintiff's decision to settle the case. As shown in the attached memorandum, although Plaintiff clearly had a strong merits case, Plaintiff settled the case based on the attendant risks of not obtaining full damages at trial. As advocated by Magistrate Judge Sitarski during the settlement conference which ultimately resolved the case, an extra $30 per class member was not worth the risks of obtaining less at trial, especially in light of the possibility the class would receive nothing. Accordingly, the Court should should find that the settlement is fair and reasonable and grant final approval of the class settlement.

Dated: May 27, 2020

Respectfully Submitted,

/s/*Daniel Zemel*
Daniel Zemel, Esq.
Nicholas Linker, Esq.
Zemel Law LLC
1373 Broad St., Suite 203-C
Clifton, NJ 07013
(P) (862) 227-3106
dz@zemellawllc.com
nl@zemellawllc.com
Attorneys for Plaintiff and the Class

## **CERTIFICATE OF SERVICE**

I hereby certify that this document and attached exhibits were duly served on all counsel of record via the Court's e-filing system.

/s/ Daniel Zemel
Daniel Zemel, Esq.