IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSHUA ROBINSON**, on behalf of himself and all others similarly situated | : : : | **CIVIL ACTION** |
| *Plaintiff* | : : | **NO. 18-441** |
| v. | : : | |
| **ENHANCED RECOVERY COMPANY d/b/a/ ERC** | : : | |
| *Defendant* | : | |

# FINAL APPROVAL ORDER
# FOR CLASS ACTION SETTLEMENT

**AND NOW**, this 16th day of September 2020, upon consideration of the parties' *motions for final approval of class action settlement*, [ECF 93, 95], and the arguments heard during the Fairness Hearing held on August 12, 2020, and for the reasons set forth in the accompanying Memorandum Opinion, is it hereby **ORDERED** that the motions are **GRANTED**, and the Class Settlement Agreement (the "Agreement") between Plaintiff Joshua Robinson, individually and as a representative of the certified class in this action, and Defendant Enhanced Recovery Company ("ERC") is hereby **APPROVED**, as follows:

1. For purposes of this Final Approval Order, all capitalized terms used herein shall have the same meanings as are ascribed to them in the Agreement.

2. This Court has subject-matter jurisdiction over this action, and personal jurisdiction over all parties to this action, including all Settlement Class Members.

3. This Court confirms the certification of the following Settlement Class under Federal Rule of Civil Procedure ("Rule") 23(b)(3), for the reasons set forth in the Preliminary Approval Order, [ECF 92], for purposes of the Settlement:

> All consumers with a Pennsylvania address that paid a convenience fee by phone to Defendant for payments for personal, household, or

>   family debts originating with Comcast Cable Communications within one year prior to the filing of the complaint.

4. This Court finds, based on independent review and the parties' stipulations, that:

   a. The Settlement Class is sufficiently numerous such that joinder of all members is impracticable;

   b. Questions of law and fact that are common to the Settlement Class predominate over any questions affecting only individual members;

   c. Plaintiff's claims are typical of the Settlement Class's claims;

   d. Plaintiff is an appropriate and adequate representative for the Settlement Class; and

   e. A class action is superior to other methods for fair and efficient adjudication of the members' claims.

5. In accordance with this Court's Orders, the Court-appointed Class Administrator, First Class Inc., sent actual notice, by first-class mail, to approximately 2,923 Settlement Class Members. A total of 242 envelopes were returned by the United States Postal Service, 135 of which were returned with forwarding addresses and re-mailed. Subsequently, a total of 35 envelopes were returned by the United States Postal Service. No Settlement Class Members requested exclusion, and no objections were received. A total of 2,781 Settlement Class Members are entitled to a share of the monetary benefits of the Agreement.

6. This Court finds that the provisions and methods for notice to the Settlement Class regarding the terms and conditions of the proposed Agreement, the Fairness Hearing, and the rights of the Settlement Class satisfy the requirements of due process, Rule 23, the United States Constitution, and any other applicable law.

7. This Court held a Fairness Hearing on August 12, 2020, to which Settlement Class Members were invited and no one appeared.

8. The Agreement (attached as Exhibit A to the parties' Motion for Preliminary Approval of Class Settlement), [ECF 91-3], is fair, reasonable, and adequate, based on the following findings:

    a. Plaintiff and Class Counsel adequately represented the Settlement Class Members;

    b. The Agreement resulted from arm's-length negotiations;

    c. The relief provided by the Agreement is adequate for the Settlement Class, considering (1) the costs, risks, and delay of trial and appeal, (2) the effectiveness of the proposed method of distribution of the funds, and (3) the terms of the agreed-upon attorney's fees award;

    d. The Agreement treats Settlement Class Members equitably, relative to each other.

9. Within thirty-three (33) days of the date of this Order, Defendant shall pay $138,000.00 to the Class Administrator for distribution to the Settlement Class Members.

    a. Checks issued by the Class Administrator to Settlement Class Members shall be void sixty (60) days from the date of issuance.

    b. Any funds from checks that have not been cashed by the void date, along with any unclaimed funds remaining in the Class Recovery Fund, shall be donated as a *cy pres* award to the Pennsylvania Legal Aid Network.

10. Within thirty-three (33) days of the date of this Order, Defendant shall pay $3,000.00 to Plaintiff in the form of a check made payable to "Daniel Zemel, Trust Account."

11. Defendant shall be responsible for all class notice and administration fees.

12. Within ninety (90) days of the date of this Order, Class Counsel shall submit to this Court a final report regarding the status of the settlement distributions.

13. The complaint and all claims therein are hereby **DISMISSED**, with prejudice.

14. Plaintiff and his respective agents, representatives, attorneys, heirs, assigns, or any other person acting on his behalf or for his benefit, and any person claiming through him (collectively "Releasors"), hereby releases and discharges Defendant, as well as its parent corporations, predecessors, successors-in-interest, present and former affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns (in their respective capacities as officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns for Defendant) (collectively, "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time, which Releasors now have or have ever had against any of the Released Parties, under any legal theory, whether or not alleged, related to or arising from matters that occurred from the beginning of time up through the date of this Order.

   a. Without limiting the generality of the foregoing, Releasors release Released Parties of all claims that were made, or could have been made, in this lawsuit, including all claims relating to Defendant's collection activity.

   b. The term Releasors does not include Settlement Class Members.

15. Each Settlement Class member hereby releases and discharges the Released Parties from of all causes of action, suits, liability, and claims arising out of, or related to, Defendant's collection of convenience fees as addressed within the instant complaint brought under the Fair Debt Collection Practices Act ("FDCPA"), whether such claims are known or unknown.

16. Plaintiff and all Settlement Class Members do not release any defense they may have with respect to the underlying debts which Defendant was attempting to collect, including (i) whether any debt is in fact owed and (ii) the crediting of payments on any debt.

17. This Court retains jurisdiction to enforce the terms of the Agreement and this Order.

          **BY THE COURT:**

          /s/ *Nitza I. Quiñones Alejandro*
          **NITZA I. QUIÑONES ALEJANDRO**
          *Judge, United States District Court*